1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9              SAN JOSE DIVISION

10   HARMIN ASSOCIATES, LLC,              CASE NO. 5:12-cv-03529 EJD

11                                        **ORDER GRANTING PLAINTIFF'S**
                   Plaintiff(s),          **MOTION TO REMAND**
12   v.

13   TROY M. GAVINA,
                                          [Docket Item No(s). 10]
14
                   Defendant(s).
15   _____/

16        Defendant Troy M. Gavina ("Defendant") removed to this court the instant unlawful detainer

17   action filed by Plaintiff Harmin Associates, LLC ("Plaintiff") in Santa Clara County Superior Court.

18   See Not. of Removal, Docket Item No. 1.  Plaintiff purchased the property at a trustee's sale in May,

19   2012, after Defendant defaulted on a Deed of Trust secured by the property.  See Decl. of Kirkman

20   J. Hoffman, Docket Item No. 12, at Ex. 1.

21        Plaintiff now seeks an order remanding the case to the state court from which it originated

22   pursuant to 28 U.S.C. § 1447(c).  Defendant did not file written opposition to this motion, and the

23   time for filing such opposition has expired.[1]  See Docket Item No. 19.  The court finds this matter

24   appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b).

25        For the reasons stated below, the hearing scheduled for August 3, 2012, will be vacated and

26   _____

27        [1] The court previously granted Plaintiff's request to shorten time for a hearing on the motion
     to remand.  See Docket Item No. 19.  Pursuant to the order served on Defendant by overnight mail
28   on July 24, 2012, Defendants were to file their brief in opposition no later than July 30, 2012.

                                         1

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   Plaintiff's motion to remand will be granted.

2   ## I.   DISCUSSION

3   ### A.   Legal Standard

4   Removal jurisdiction is a creation of statute.  See Libhart v. Santa Monica Dairy Co., 592

5   F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely

6   from the statutory authorization of Congress.").  Only those state court actions that could have been

7   originally filed in federal court may be removed.  28 U.S.C. § 1441(a) ("Except as otherwise

8   expressly provided by Act of Congress, any civil action brought in a State court of which the district

9   courts of the United States have original jurisdiction, may be removed by the defendant."); see also

10  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally

11  could have been filed in federal court may be removed to federal court by defendant.").

12  Accordingly, the removal statute provides two basic ways in which a state court action may be

13  removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens

14  of different states.  28 U.S.C. §§ 1441(a), (b).

15  When removal is based on the presence of a federal question, the court looks to the face of a

16  well-pleaded complaint to determine whether a cause of action is created by federal law or whether

17  the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal

18  law.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax

19  Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, (1983)).  "[I]t must be clear

20  from the face of the plaintiff's well-pleaded complaint that there is a federal question."  Duncan v.

21  Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The complaint as it existed at time of removal dictates

22  whether removal jurisdiction is proper.  Libhart, 592 F.2d at 1065.

23  An anticipated or even actual federal defense or counterclaim is not sufficient to confer

24  jurisdiction.  Constr. Laborers Vacation Trust, 463 U.S. at 10.

25  ### B.   Federal Jurisdiction

26  Plaintiff argues that federal jurisdiction is lacking in any form.  The court agrees.

27  In the underlying Complaint, Plaintiff alleges a single claim for unlawful detainer against

28  Defendant.  See Compl., Docket Item No. 1.  It is well established that unlawful detainer claims

2

themselves do not arise under federal law and, therefore, cannot support federal-question

jurisdiction.  See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez, No. C 11-00451 WHA, 2011 U.S. Dist.

LEXIS 44818, at *1, 2011 WL 1465678 (N.D. Cal. Apr. 15, 2011); GMAC Mortg. LLC v. Rosario,

No. C 11-1894 PJH, 2011 U.S. Dist. LEXIS 53643, at *2, 2011 WL 1754053 (N.D. Cal. May 9,

2011); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 U.S. Dist. LEXIS

130517, at *2, 2010 WL 4916578 (C.D. Cal. Nov. 22, 2010).

Despite this seemingly clear standard, Defendant appears to assert in the Notice of Removal

that alleged violations of certain federal statutes, including the Truth in Lending Act, 15 U.S.C. §

1601 et. seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et. seq., justify

subject matter jurisdiction in this court.  But claims under these statutes, or any other federal statute

for that matter, do not appear on the face of Plaintiff's Complaint, nor do such claims confer federal

jurisdiction even if raised as an independent defense or counterclaim.  See Metro Life Ins. Co. v.

Taylor, 481 U.S. 58, 63 (1987) (holding jurisdiction must appear on the face of the complaint); see

also Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (2009) (holding jurisdiction cannot rest

on actual or anticipated defense).

Morever, jurisdiction cannot rest on diversity because both Plaintiff and Defendant are

citizens of California.  See 28 U.S.C. § 1332.

For these reasons, there is no apparent basis for federal jurisdiction.  Accordingly, Plaintiff's

motion will be granted and this case remanded to the superior court for further proceedings.

## II.   ORDER

Based on the foregoing:

Plaintiff's Motion to Remand is GRANTED.  The hearing scheduled for August 3, 2012, is

VACATED.  The Clerk of the Court shall remand this action to Santa Clara County Superior Court

and close this file.

**IT IS SO ORDERED.**

Dated:  July 31, 2012

EDWARD J. DAVILA
United States District Judge

United States District Court
For the Northern District of California